**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelica Rizik, et al., | No. CV-25-00776-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Jake William Virnig, et al., | |
| Defendants. | |

Plaintiffs Angelica Rizik and Dr. David Rizik ("the Riziks") seek permission to complete alternative service on defendants Jake William Virnig, Kameren Wilburn, Stephen Peter Rayment, and Systech International. (Doc. 11.) Virnig is aware of this suit, the other defendants likely are aware, and some of the defendants appear to be evading service of process. Alternative service is appropriate for all defendants except Systech.

Angelica Rizik and Virnig have one child together. In 2020, Virnig allegedly signed a "Consent to Termination of parental rights" but later "did an about-face" and claimed his signature had been forged. (Doc. 1 at 2.) Virnig's change of heart has led to "years of litigation" in state court regarding custody of the child. (Doc. 1 at 2.) Rayment—"Virnig's rich uncle"—has financed that litigation. (Doc. 1 at 1-2.) Rayment is "co-founder and CEO of" Systech and "has paid for Virnig's attorneys and has sent attorneys employed by Systech International, his consulting company, to attend court hearings in Arizona." (Doc. 11 at 10; Doc. 1 at 2.) Virnig is represented by attorneys at the firm of Tiffany and Bosco in the custody litigation.

In gathering evidence for the custody litigation, Virnig and "his then girlfriend" defendant Kameren Wilburn, arranged to record interactions between Wilburn and a social worker. (Doc. 1 at 12.) Throughout the custody litigation Virnig and Rayment have made "extortionist demands" such as "a demand that [the Riziks] pay $10,000,000 for Virnig to walk away and stop harassing the Riziks." (Doc. 1 at 3.) Virnig and Rayment also filed "documents in the juvenile court . . . that argued [the child] was the product of incest." (Doc. 1 at 3.)

In 2022 while the custody litigation was ongoing, the Riziks filed a separate civil suit against Virnig. The Riziks have not explained the claims they are pursuing in that suit. Attorneys at the firm of Osborn Maledon are representing Virnig there. In March 2025, the Riziks filed this suit alleging claims for abuse of process, aiding and abetting abuse of process, conspiracy, racketeering, and intentional infliction of emotional distress based on defendants' alleged actions in connection with the state court cases.

The Riziks have been unable to serve any of the defendants. Virnig's counsel at Osborn Maledon has stated he is not authorized to accept service on Virnig's behalf. (Doc. 11-1 at 7.) It is clear Virnig is aware of this suit because he "referenced [this suit] in a filing" in the non-custody litigation on March 17, 2025. (Doc. 11 at 3.) Virnig also "disclosed [this suit] in a supplemental disclosure statement" in the non-custody litigation. (Doc. 11 at 3.) The Riziks do not provide any direct evidence the other defendants know of this suit but assuming the Riziks are correct that Rayment is funding and monitoring the custody and non-custody cases, Rayment also knows of it.

The Riziks twice attempted personal service on Virnig at an address in Florida where he was believed to be staying temporarily. They also attempted to serve Virnig at his Arizona residence. During the attempt in Arizona, the process server observed someone inside Virnig's residence but that individual refused to answer the door.

The Riziks attempted personal service on Wilburn at an Arizona residence on three separate dates. On the final attempt, an adult was present in the garage when the process server approached the residence. The adult closed the garage door on seeing the process

server and no one answered the front door. A car registered to Wilburn was present at the residence on that date. (Doc. 11-1 at 15-16.)

The Riziks believe Rayment lives in Dubai "in connection with his employment with Systech." (Doc. 11 at 9.) The Riziks attempted service on Rayment at an address in Florida where he was believed to be staying. There was no indication an individual was present and evading service. (Doc. 11 at 2.) The Riziks do not identify any attempts to serve Systech.

Virnig is aware of this suit and appears to be evading service. In these circumstances, personal service would be extremely difficult and service via mail to Virnig's home address as well as mail and email to Virnig's counsel in the state court matters will provide adequate notice of this action. The court therefore authorizes alternative service on Virnig. *See Bank of New York Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (holding court may authorize alternative service when traditional "service would be extremely difficult or inconvenient") (quotation marks and citation omitted).

There is also evidence Wilburn knows a process server has attempted service but she is evading service. The Riziks's multiple attempts at personal service indicate additional attempts would be futile and serving Wilburn via mail is appropriate.

The Riziks have made minimal efforts to serve Rayment but accepting the Riziks's allegations that Rayment is funding and monitoring all aspects of the state court litigation, Rayment is aware of this litigation. Rayment spends at least part of his time in Dubai, UAE. Fed. R. Civ. P. 4(f) allows for service on an individual in a foreign country "by a method that is reasonably calculated to give notice" provided the method used is "not prohibited by international agreement." "[T]he UAE is not a signatory to the Hague Convention," and there is no indication service by email and mail on Rayment is prohibited by international agreement. *Berdeaux v. OneCoin Ltd.*, No. 19-CV-4074 (VEC), 2020 WL 409633, at *1 (S.D.N.Y. Jan. 24, 2020).

Rayment's email address is "publicly listed both on the official Systech

1 International website" and on his LinkedIn profile. (Doc. 11 at 10.) Service via email to that address as well as service through regular email and mail to counsel in the custody litigation and mail to Rayment's business address will provide adequate notice of this suit to Rayment.

Finally, the Riziks have not identified any efforts they have made to serve Systech nor have they explained the corporate structure of Systech. At present there is an insufficient basis to conclude service on Rayment would qualify for service on Systech. If the Riziks wish to complete alternative service on Systech they must file a motion explaining their efforts to serve Systech and why they believe service on Rayment would be sufficient.

Accordingly,

**IT IS ORDERED** the Motion for Alternative Service (Doc. 11) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** within ten days of this order, plaintiffs shall complete the following:

1. Service on defendant Jake William Virnig by: (a) Mailing the summons, complaint, and this order to Virnig's Arizona residence at 9551 East Redfield Road, Unit 1018, Scottsdale, AZ 85260 via First Class Mail; (b) Sending a copy of the summons, complaint, and this order to Virnig's counsel in the state court litigation via first class mail and email: Osborn Maledon, P.A., Attn: Colin Campbell, 2929 N Central Ave, Phoenix, AZ 85012, ccampbell@omlaw.com; and (c) Sending a copy of the summons, complaint, and this order to Virnig's counsel in the family court litigation via First Class Mail and email: Tiffany & Bosco, P.A., Attn: Alexander Poulos, 2525 East Camelback Road, Phoenix, AZ 85016, AP@TBLaw.com.

2. Service on defendant Kameren Wilburn by: (a) Mailing the Summons, Complaint, and this order to Wilburn's Arizona residence located at 8517 East Cactus Wren Circle, Scottsdale, Arizona 85266 via First Class Mail.

3. Service on defendant Stephen Peter Rayment by: (a) Sending a copy of the

summons, complaint, and this order to Virnig's counsel in the family court litigation via First Class Mail and email: Tiffany & Bosco, P.A., Attn: Alexander Poulos, 2525 East Camelback Road, Phoenix, AZ 85016, AP@TBLaw.com; (b) Emailing a copy of the summons, complaint and this order to Rayment's business email address: stephen.rayment@systech-int.com; and (c) Mailing a copy of the summons, complaint, and this order to Rayment's last known business address at: Executive Heights Building, Office 1110, 11th Floor, Dubai, UAE PO Box 213787, AE via First Class Mail International.

**IT IS FURTHER ORDERED** plaintiffs shall file proof of service within seven days of completing service.

Dated this 23rd day of May, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge